1  Daniel A. Solitro (SBN: 243908)
2  dsolitro@lockelord.com
   Nasar M. Khan (SBN: 318327)
3  nasar.khan@lockelord.com
4  **LOCKE LORD LLP**
   300 South Grand Avenue, Suite 2600
5  Los Angeles, California 90071
   Telephone:  (213) 485-1500
6  Facsimile:  (213) 485-1200
7
   Charles Phipps (*pro hac vice*)
8  cphipps@lockelord.com
9  2200 Ross Avenue, Suite 2800
   Dallas, Texas 75201
10 Telephone:  (214) 740-8000
11 Facsimile:  (214) 740-8800

12 Attorneys for Defendant
   CONVERSION SQUARED CORPORATION
13

14            **UNITED STATES DISTRICT COURT**

15            **CENTRAL DISTRICT OF CALIFORNIA**

16 JAMES ANDREWS, an individual,          ) CASE NO.: 8:20-CV-00247-JLS-JDE
17 RYAN ABEL, an individual,              )
   JESSE BRISTER, an individual,          )
18 MICHAEL BABICH, an individual,         ) **DEFENDANT CONVERSION**
                                          ) **SQUARED CORPORATION'S**
19 YOLANDA SANCHEZ, an individual,        ) **REPLY IN SUPPORT OF ITS**
   BARBARA CHATFIELD, an individual,      ) **MOTION TO DISMISS**
20 ROBERT CHATFIELD, an individual,       ) **PLAINTIFFS' FIRST AMENDED**
21 JUNG KIM, an individual, and           ) **COMPLAINT**
   ANGELA NEILSON, an individual,         )
22                                        )
                                          ) Date:  May 8, 2020
23            Plaintiffs,                 ) Time:  10:30 a.m.
24        v.                              ) Place:  Courtroom 10A
                                          )
25 CONVERSION SQUARED                     )
   CORPORATION, a Wyoming corporation,    ) Complaint Filed:  November 6, 2019
26 and DOES 1-100,                        ) FAC Filed: March 4, 2020
27            Defendant.                  )
                                          )
28

                              1

Locke Lord LLP
300 S. Grand Avenue, Suite 2600
Los Angeles, CA  90071

1    Defendant Conversion Squared Corporation ("Conversion Squared") hereby

2    submits its reply in support of its Motion to Dismiss Plaintiffs' First Amended

3    Complaint ("FAC").

4    ## I.    INTRODUCTION

5    Plaintiffs' Opposition does not explain their failure to include even a single email

6    to the FAC or include even a single specific allegation of what was included in the body

7    of the purported emails sent by Conversion Squared.  This is a fundamental requirement

8    to assert a viable cause of action for violation of California Business & Professions

9    Code section 17529.5 ("Section 17529.5).

10    Instead of addressing this deficiency directly, Plaintiffs' Opposition misconstrues

11    the arguments in Conversion Squared's Motion, improperly stating that Conversion

12    Squared contends Plaintiff must attach *each* email to the FAC.  No such argument was

13    made in Conversion Squared's Motion.  Instead, the Motion outlines the requirements,

14    based on California caselaw, that *examples* of the emails that purportedly violate the

15    statute must be attached to the FAC *or* specific allegations pertaining to the body of

16    those emails.  Neither is provided in Plaintiffs' FAC in this case.

17    By omitting the details regarding the body of the emails allegedly received by

18    Plaintiffs and by failing to include even a single example of the emails purportedly

19    received, Plaintiffs fail to allege a violation of Section 17529.5 with the required

20    particularity.

21    Furthermore, by failing to provide details pertaining to the body of the emails,

22    Plaintiffs' claims are preempted under the Federal CAN-SPAM Act because Plaintiffs

23    fail to allege there was any material misrepresentation. Without providing any

24    allegations about what statements were actually made in the emails, the FAC cannot

25    demonstrate there were misrepresentations made in any of emails.

26    For each of these independent reasons, Conversion Squared respectfully requests

27    the Court enter an order dismissing the Complaint with prejudice for failing to state a

28    claim and for not meeting the requisite pleading requirements.

**Locke Lord LLP**
300 S. Grand Avenue, Suite 2600
Los Angeles, CA  90071

REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
*James Andrews, et al. v. Conversion Squared Corporation, et al.,* Case No. 8:20-CV-00247-JLS-JDE

## II.     ARGUMENT

### A.     Plaintiffs' Failure to Include Any Exemplar Email in its Pleading or Any Specific Allegations Regarding the Body of Any Email Clearly Falls Below the Applicable Particularity Requirement

Plaintiffs fail to explain why they could not attach even a single example email allegedly received by each individual plaintiff in their FAC. Caselaw is clear that attaching examples of emails is, at a minimum, required to satisfy the particularity requirements for pleadings under Rule 9(b). *Asis Internet Servs. v. Consumerbargaingiveaways, LLC*, 622 F. Supp. 2d 935, 945 (N.D. Cal. 2009) (requiring example emails in a claim involving Section 17529.5.); *Moreland v. AD Optimizers, LLC*, No. 5:13-CV-00216-PSG, 2013 WL 3815663, at *2 (N.D. Cal. July 18, 2013) (same).  Although each plaintiff asserts a similar claim against Conversion Squared, there is no alleged commonality among the Plaintiffs concerning their email accounts.  Thus, each of the Plaintiffs' claims are defective on an individual basis.

Plaintiffs' attempt to misconstrue Conversion Squared's motion to dismiss by stating, "Defendant essentially argues that it is 'impossible' for Plaintiffs to meet the applicable pleading standard without attaching each email as an exhibit to the pleadings." Opp'n at p. 10:4-5.  There is no such statement in Conversion Squared's motion to dismiss. Conversion Squared clearly states that the FAC was deficient because it failed to include *examples* of the alleged spam emails as typically required in Section 17529.5 claims.  *See* Motion at pp. 6:8, 8:11-12; 11:4-5.  Plaintiffs cite to general cases that state that under Rule 9(b) all that Plaintiffs are required to do is plead the "who," "what," "when," "where," and "how" of Plaintiffs' claims. Opp'n at p. 8:15-23.  But by omitting any example emails in the FAC and by failing to include specific allegations regarding the body of the emails, Plaintiffs fail to establish the "what" and "how" of the allegedly misleading emails. As provided in Conversion Squared's moving papers, this is what cases in California have held is required to plead a viable cause of action for violation of Section 17529.5.

**Locke Lord LLP**
300 S. Grand Avenue, Suite 2600
Los Angeles, CA  90071

3

**Locke Lord LLP**
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

1    Plaintiffs argue that because they have provided Conversion Squared with a copy

2  of the alleged emails listed in an appendix, Plaintiffs are not required to satisfy the

3  pleading requirements for a claim under Section 17529.5. *See* Opp'n at p. 10:15-11:02.

4  In considering a challenge to the sufficiency of the pleading, the Court is, of course

5  limited to considering the four corners of the pleading and any judicially noticeable

6  outside evidence (which there is none for this motion).  Simply alleging that supporting

7  information was provided to Conversion Squared is insufficient to meet the specific

8  pleading requirements. Unless Plaintiffs include those details *in their pleading*,

9  Conversion Squared is deprived of an opportunity to raise specific defenses at the

10  pleading stage. In essence, neither the Court nor Conversion Squared can determine

11  what was included in the allegedly deceptive emails. As one court stated, "[e]ven if the

12  Defendants have been provided with the emails through discovery, a more definite

13  statement is necessary to prevent the Plaintiff from presenting a moving target." *Asis*

14  *Internet Servs. v. Consumerbargaingiveaways, LLC*, 622 F. Supp. 2d 935, 945 (N.D.

15  Cal. 2009) (quoting *Gordon v. Ascentive, LCC*, No. CV-05-5079-FVS, 2007 WL

16  1795334, at *5 (E.D. Wash. June 19, 2007)).  Moreover, the information that was

17  provided is insufficient and Plaintiffs' claims are clearly meritless.

18    Plaintiffs' reliance on *Belly Fat Free, LLC v. Silverstein*, No. CV 13-3383 PA

19  (PJWX), 2013 WL 12142992, at *1 (C.D. Cal. July 29, 2013) is unavailing.  In *Belly*

20  *Fat Free*, the sender of the alleged emails was the *plaintiff* Belly Fat Free ("BFF")

21  seeking a declaratory judgment that the emails at issue did *not* violate Section 17529.5.

22  Because the defendant Silverstein previously threatened to sue BFF regarding the

23  emails in that case, the court concluded "[d]efendant is admittedly fully aware of the

24  'time, place and nature' of the emails." *Id*. at *2.  Here, Conversion Squared has never

25  conceded that it was previously aware of the subject emails or that Conversion Squared

26  even sent them (it did not).  Again, Plaintiffs have not demonstrated why they are

27  exempt from compliance with the pleading requirements in this case, whey they could

28  not attach exemplar emails to the FAC, or why the Court should deny the pending

4

1  motion despite Plaintiffs' failure to plead their Section 17529.5 claim with particularity

2  under Rule 9(b).

3  **B.      Plaintiffs' Claims are Preempted Because Plaintiffs Have Not**

4  **Sufficiently Alleged a Material Misrepresentation**

5  Plaintiffs provide no explanation how limited allegations regarding purported

6  falsified "From Names" constitute a material misrepresentation.  Where, as here, there

7  are no example emails or allegations regarding the contents of the body of any alleged

8  email, such a determination cannot be made.

9  Instead, Plaintiffs rely on *Balsam v. Trancos, Inc.*, 203 Cal. App. 4th 1083 (2012)

10  to argue that the alleged falsified "From Name" information *alone* constitutes a material

11  misrepresentation in and of itself.  Plaintiff's reliance on *Balsam* is misplaced.  Even

12  though the court in *Balsam* concluded the emails were not preempted by the CAN-

13  SPAM act, it explicitly narrowed its holding and stated, "[w]e express no judgment

14  about other circumstances in which (1) header information might be falsified or

15  misrepresented for purposes of the statute or (2) the presence of other information

16  identifying the sender in the body of the e-mail could affect liability under the statute."

17  *Balsam*, 203 Cal. App. 4th at p. 1101 n. 17.

18  Indeed, both California state and federal courts have subsequently interpreted

19  *Balsam* and have held that the *body of the email* is critical to determine whether there

20  was any material misrepresentation.  For example, in *Rosolowski v. Guthy-Renker LLC*,

21  230 Cal. App. 4th 1403, 1416 (2014), a plaintiff attempted to argue that defendant

22  violated Section 17529.5 because the identity of the sender of the subject e-mails in the

23  "from" line could not be ascertained through the use of a publicly available database

24  such as WHOIS. However, the court held that "a header line does not misrepresent the

25  identity of the sender merely because it does not identify the official name of the entity

26  which sent the e-mail, or merely because it does not identify an entity whose domain

27  name is traceable from an online database, *provided the sender's identity is readily*

28

**Locke Lord LLP**
300 S. Grand Avenue, Suite 2600
Los Angeles, CA  90071

*ascertainable from the body of the e-mail." Rosolowski v. Guthy-Renker LLC*, 230 Cal. App. 4th 1403, 1416 (2014) (emphasis added).

Similarly, the court in *Wagner v. Spire Vision LLC*, No. C 13-04952 WHA, 2015 WL 876514, at *5 (N.D. Cal. Feb. 27, 2015), distinguished *Balsam* because "the emails contained identifying information in their bodies."

Here, as explained in Conversion Squared's motion, the FAC is devoid of any particular details about what was included in the body of *any* alleged spam emails. Rather, the FAC states in a conclusory fashion, "The Email Bodies Do Not Identify the Advertiser or the Sender." (FAC at p. 11). In fact, the allegations in the FAC tend to demonstrate that the bodies of the email *do* identify the advertiser or sender of the email, "Only by clicking through and answering questions at the intermediate web page will the recipient then go to one of Defendant' Websites, which are also proxy registered." (FAC ¶ 72). Plaintiffs' allegations that "[t]he advertisements are not in the body of the email itself but remotely hosted Defendant's servers" fail to explain *why* the sender of the email is not identifiable. (FAC ¶ 70).

Plaintiffs assert that Conversion Squared improperly relies on *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1061 (9th Cir. 2009) for support and states, "that case did not address Section 17529.5 . . . *Gordon* also cited legislative history suggesting that Section 17529.5 is not preempted." Opp'n at p. 13:15-21, citing *Gordon*, 575 F.3d at 1064. Plaintiffs' assertion makes no sense because: (1) nothing in *Gordon* states that Section 17529.5 is immune from preemption and (2) *Gordon* explicitly cites to a case which found preemption of a Section 17529.5 claim. *Id*. at p. 1063 (citing *Kleffman v. Vonage Holdings Corp.*, No. CV 07-2406GAFJWJX, 2007 WL 1518650, at *3 (C.D. Cal. May 23, 2007)). Indeed, even though Plaintiffs insist that it is not imposing a labeling requirement on emails, Plaintiffs' requirement that a "From Name" is required to accurately represent the sender is precisely the type of labeling that the Ninth Circuit rejected in *Gordon*.

REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
*James Andrews, et al. v. Conversion Squared Corporation, et al.,* Case No. 8:20-CV-00247-JLS-JDE

**Locke Lord LLP**
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

1    Plaintiffs' attempt to distinguish this case from *Silverstein v. Keynetics Inc.*, No.

2    16-CV-00684-DMR, 2016 WL 7475616, at \*3 (N.D. Cal. Dec. 29, 2016), is also

3    unavailing. Plaintiffs do not contest that, like the plaintiffs in *Silverstein*, the Plaintiffs

4    here do not allege that the "from" names were known to the plaintiffs; that the email

5    sender misappropriated or "spoofed" their identities; or that the "from" names deceived

6    the Plaintiffs about the nature of the emails. *See id.* at \*4.  Moreover, even though the

7    domain names in *Silverstein* were readily identifiable, ultimately at issue was the fact

8    "taken as a whole, the exemplar email is not materially false or deceptive." *Id.*

9    Yet, Plaintiffs state this case is different from *Silverstein* because, "Plaintiffs do

10   *not* concede that the bodies of the emails readily reveal the identity of the sender or

11   Defendant, rather Plaintiffs allege the exact opposite[.]" Opp'n at p. 14:11-13. Yet

12   Plaintiffs have not included any specific details regarding the alleged contents of the

13   bodies of the emails nor include a single example email, and therefore Plaintiffs fail to

14   allege how any email, taken as a whole, was materially deceptive to the Plaintiffs.

15   In sum, "From Name" or header information alone, absent information regarding

16   the context of the whole email, is insufficient to establish that the email was materially

17   deceptive.  Because the FAC fails to allege that the header information was materially

18   deceptive, Plaintiffs' claim is preempted under the federal CAN-SPAM Act.

## III.   CONCLUSION

20   For the forgoing reasons Conversion Squared respectfully requests that the Court

21   grant its Motion to Dismiss Plaintiff's FAC with prejudice.

22

23   Dated:  April 24, 2020                 Respectfully submitted,

24                                          **LOCKE LORD LLP**

25

26                                          By: */s/ Daniel A. Solitro*

                                                Charles Phipps
27                                              Daniel A. Solitro
                                            *Attorney for Defendant CONVERSION*
28                                          *SQUARED CORPORATION*

7

**Locke Lord LLP**
300 S. Grand Avenue, Suite 2600
Los Angeles, CA  90071