_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-00247-JLS-JDE                              Date: May 08, 2020
Title: James Andrews et al. v. Conversion Squared Corporation et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

  Terry Guerrero                                              N/A
    Deputy Clerk                                       Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                  Not Present

**PROCEEDINGS:   (IN CHAMBERS) ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS (Doc. 18)**

     Before the Court is Defendant Conversion Squared Corporation's Motion to
Dismiss Plaintiffs' First Amended Complaint.  (Mot., Doc. 18.)  Plaintiffs opposed, and
Defendant replied.  (Opp'n, Doc. 24; Reply, Doc. 25.)  Having taken the matter under
submission and considered the parties' briefs, the Court GRANTS Defendant's Motion.

## I.      BACKGROUND[1]

     Plaintiffs are nine individuals seeking to recover statutory damages under Section
17529.5 of the California Business and Professions Code for unsolicited spam email
messages sent to them at Defendant's direction.  (*See* FAC, Doc. 17 ¶¶ 1–3.)  Together,
Plaintiffs received a total of 567 email messages advertising "dating/matchmaking
services sold at Defendant's Websites, *matelocal.com*, *matchseniors.com*, and
*realmaturesingles.com*."  (*Id.* ¶¶ 1, 42.)  Plaintiffs allege that the sender information—
specifically, the field containing the sender's name—in these emails is deceptive because
"the From Names all contain [] generic terms that are *not* the Defendant (*e.g.* 'Riley,'
'Adele,' 'Carla,' 'Valerie')."  (*Id.* ¶¶ 46, 50.)  Plaintiffs further allege that the email
messages "were sent from domain names that . . . were not readily traceable to the sender
. . . in violation of Section 17529.5."  (*Id.* ¶ 65.)

_____

[1] For purposes of a Motion to Dismiss, the Court deems the well-pleaded allegations of
the First Amended Complaint ("FAC") to be true.

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-00247-JLS-JDE                                        Date: May 08, 2020
Title: James Andrews et al. v. Conversion Squared Corporation et al.

As an appendix to the FAC, Plaintiffs attach a chart that includes the date and time of sending, From name, sending domain, and subject line for each of the 567 email messages.  (App. to FAC, Doc. 17-1.)  The following is a snippet of entries from the chart:

| Date/Time | From Name | Sender's Email | Subject |
|-----------|-----------|----------------|---------|
| 12/19/18 6:18 | Jocelynn | Aleena681@ukmetalrefining.com | Men Wanted today |
| 12/19/18 7:38 | Elin | Vivian371@wearewanderhers.com | Hookup with your neighbors wife |
| 12/19/18 7:51 | Lorelai | Scarlette528@hemp3-dprinting.com | Mail Order Brides Choices Enclosed |
| 12/8/18 8:25 | Annabel | Cassidy529@taraftarinyeri.com | Is it time for me to give up? |
| 12/19/18 14:28 | Anniston | Andrea919@newbeerseve2020.com | Do you remember me? |
| 12/19/18 18:20 | Zoey | Emmalee446@thecountynotary.com | You have been tagged with a photo! |
| 12/8/18 4:00 | Samiyah | Natalia920@germanyproject.com | Meet Beautiful, Adoring Russian Women Today |

(*Id.* at 7.)

Plaintiffs filed this action on November 6, 2019, in Orange County Superior Court.  (Compl., Doc. 1-1.)  Defendant was served on January 9, 2020 and then removed the case to this Court on February 7, 2020.  (Notice of Removal, Doc. 1 ¶ 2.)  On March 4, 2020, Plaintiffs filed a First Amended Complaint.  Like the original Complaint, the

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-00247-JLS-JDE                                    Date: May 08, 2020
Title: James Andrews et al. v. Conversion Squared Corporation et al.

FAC contains a single claim for violations of Section 17529.5(a)(2) of the California Business and Professions Code.  (FAC ¶¶ 84–110.)

Defendant now moves to dismiss the FAC on the grounds that Plaintiffs fail to state a claim and, regardless, their claim is preempted by the federal CAN-SPAM Act.  (*See* Mot. at 1.)

## II.   LEGAL STANDARD

"Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for 'failure to state a claim upon which relief can be granted.'  Dismissal of a complaint can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Alfred v. Walt Disney Co.*, 388 F. Supp. 3d 1174, 1180 (C.D. Cal. 2019) (quoting Fed R. Civ. P. 12(b)(6)).

In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all "well-pleaded factual allegations" in a complaint.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Courts must also draw all reasonable inferences in the light most favorable to the non-moving party.  *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).  Yet, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

## III.   DISCUSSION

### A.   CAN-SPAM Act Preemption

The preemption clause of the CAN-SPAM Act provides in relevant part:

This chapter supersedes any statute, regulation, or rule of a State or political subdivision of a State that expressly regulates the use of electronic mail to send commercial messages, *except* to the extent that any such statute, regulation, or rule prohibits falsity or deception in any portion of a commercial electronic mail message or information attached thereto.

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-00247-JLS-JDE                                    Date: May 08, 2020
Title: James Andrews et al. v. Conversion Squared Corporation et al.

15 U.S.C. § 7707(b)(1) (emphasis added).  "[T]he express language of § 7707(b)
demonstrates Congress's intent that the CAN–SPAM Act broadly preempt state
regulation of commercial e-mail with limited, narrow exception."  *Gordon v.
Virtumundo, Inc.*, 575 F.3d 1040, 1061 (9th Cir. 2009).  Accordingly, the Ninth Circuit
has interpreted the Act's preemption clause as inapplicable only to state statutes,
regulations, and rules that, as applied, prohibit "*deceptive* subject line headings
or *materially* false or *materially* misleading header information."  *See id.* at 1062 (citing
15 U.S.C. §§ 7704(a), 7701(b)(2)).  In other words, to escape CAN-SPAM Act
preemption, "the false or deceptive information in a commercial email must be material."
*Silverstein v. Keynetics Inc.*, 192 F. Supp. 3d 1045, 1048 (N.D. Cal. 2016), *aff'd*, 727 F.
App'x 244 (9th Cir. 2018).  And material means material in the "traditionally tortious or
wrongful" sense:  "[T]he exception language, read as Congress intended, refers to
'traditionally tortious or wrongful conduct.'"  *Gordon*, 575 F.3d at 1062 (quoting *Omega
World Travel, Inc. v. Mummagraphics, Inc.*, 469 F.3d 348, 354 (4th Cir. 2006)).

      Here, Plaintiffs allege that the emails at issue were "deceptive" in two ways.
Plaintiffs first allege that the messages were deceptive because the "From Names" were
all generic names that did not identify the sender.  (*See* FAC ¶¶ 46–50.)  Second,
Plaintiffs allege that the emails were sent from domain names "not readily traceable to
the sender" and that "the email bodies d[id] not identify the advertiser or the sender"
because "the text of [the] advertisements in this action [was] not in the body of the
email."  (*Id.* ¶¶ 65, 69.)  But, crucially, and contrary to Plaintiffs' representation in their
Opposition (*see* Opp'n at 4), Plaintiffs do not allege that they were deceived as to the
*nature* of the emails, *see Silverstein v. Keynetics, Inc.*, 727 F. App'x 244, 246 (9th Cir.
2018).  In fact, Plaintiffs do not really allege deception, period, instead taking issue with
a variety of missing information.  Moreover, it is difficult to see how Plaintiffs could
allege deception given that, as in *Silverstein*, the combination of the sender name and the
subject line make apparent to any reasonable person the exact nature of the email.  *See id.*
(concluding plaintiff could not show deception as to the nature of the emails "given that
the 'From' names were adjacent to clearly commercial subject lines, such as 'How a
newbie banked $5K THIS WEEK ... What Nobody Told You About.'").

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-00247-JLS-JDE                           Date: May 08, 2020
Title: James Andrews et al. v. Conversion Squared Corporation et al.

At bottom, therefore, Plaintiffs' allegations are of the "technical" kind that "find no basis in traditional tort theories and therefore fall beyond the ambit of the exception language in the CAN–SPAM Act's express preemption clause." *Gordon*, 575 F.3d at 1064; *see also id.* ("In sum, Gordon's alleged header deficiencies relate to, at most, non-deceptive statements or omissions and a heightened content or labeling requirement."); *cf. Zoobuh, Inc. v. Better Broad., LLC.*, No. 2:11CV00516-DN, 2013 WL 2407669, at *5 (D. Utah May 31, 2013) (describing section 17529.5(a)(2) as placing "a more onerous burden on a plaintiff than the . . . CAN-SPAM Act"). Accordingly, Plaintiffs' claim is preempted by the CAN-SPAM Act.

### B.      Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs that a court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, Rule 15's "liberality does not apply when amendment would be futile." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 968 (9th Cir. 2016).

Although the Court doubts Plaintiffs' ability to amend their pleading "to escape federal preemption," *Silverstein*, 192 F. Supp. 3d at 1053, the Court cannot pronounce amendment futile at this juncture. The Court therefore grants Plaintiffs leave to amend the complaint, so long as they can do so in a manner consistent with the factual allegations they have already pleaded.

## IV.     <u>CONCLUSION</u>

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint is GRANTED. Any amended complaint must be filed no later than **twenty-one (21) days** from the date of this Order, and Plaintiffs may not add any claims or defendants.

Initials of Preparer:  tg

---